LEONARD E. HAMMOND, Appellant, v. JOSEPH DE SANTIS, Doing Business as HOWARD JOHNSON'S RESTAURANT, Respondent.— Appeal by plaintiff from a judgment of the Warren County Court, which dismissed plaintiff's complaint after a trial before the court without a jury. The complaint alleges, in substance, that the plaintiff performed certain work, labor and services and furnished certain equipment in connection therewith, at the request of the defendant, of the agreed and reasonable value of $352. The answer consists of a general denial and an affirmative defense that the agreement between plaintiff and defendant called for certain work to be done for a flat price of $400, to be paid upon the completion thereof, and that the plaintiff failed to completely perform the contract, and that therefore nothing is due the plaintiff. The parties are in accord in their testimony that an oral agreement was entered into between them whereby plaintiff was to remove certain dirt from an area adjacent to defendant's restaurant for a parking lot, and that in addition to compensation for his work and use of his equipment, plaintiff was entitled to the dirt removed. Plaintiff testified that he entered upon the premises pointed out to him with a bulldozer, a shovel and two trucks, and performed services of the reasonable value of $352. This is not disputed by the defendant in the record. Nowhere in the record is there any testimony on behalf of the defendant that a flat price of $400 was agreed upon. Defendant's own testimony is that the work was to cost "between $300 and $400." After plaintiff had ceased work because, as he claims, defendant had placed a maximum limit of $350 on the job, defendant tendered to plaintiff his check in the amount of $252, with the following notation thereon: "This check is a first payment for work being done on new parking area at Howard Johnsons Restaurant, Lake George. Balance of $100 will be due and payable when grading work is completed to proper level which is to be 6″ below present paved parking area. Boulders to be placed as directed." Plaintiff refused to accept the check and returned it to defendant. There is no testimony which defines with precision the exact work which was to be done. On this state of the record it was against the weight of evidence to determine that there was any contract for specified work at an agreed price of $400, with payment contingent upon full performance. Judgment reversed, upon the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.